UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ESTHER GOULD, et al., | ) | Case No. C04−02213 JPD |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING PLAINTIFFS' MOTION TO ADD DEFENDANT, DENYING DEFENDANT'S MOTION TO DISMISS, AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| GORDON MOVING SERVICES, INC., | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court upon plaintiffs' motion to add a defendant (Dkt. No. 14), plaintiffs' motion for summary judgment (Dkt. No. 15), and defendant's motion to dismiss (Dkt. No. 18). Having carefully reviewed the pleadings, supporting materials, and balance of the record, the Court ORDERS as follows:

(1)     Plaintiffs' motion to add a defendant (Dkt. No. 14) is GRANTED. Plaintiff filed this action alleging that she sustained damages to her property due to the negligence of Gordon Moving Services, Inc. It appears from the evidence supplied by the defendant that Gordon Moving Services, Inc., was not incorporated until sometime after the move. Instead, Randy Gordon performed moving services as a sole proprietorship at the time of the move. Plaintiffs are seeking to add Randy Gordon as a defendant. Plaintiffs argue that failure to add Randy Gordon will prevent them from obtaining "complete relief" and that Mr. Gordon will not be prejudiced by

ORDER GRANTING PLAINTIFFS' MOTION TO ADD
DEFENDANT, DENYING DEFENDANT'S MOTION
TO DISMISS, AND DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT.
PAGE -1

01 being added.  Defendant responds that plaintiffs' motion should have been brought under Fed. R.

02 Civ. P. 15 and that plaintiffs must now seek leave of the Court to amend their complaint in order

03 to add Mr. Gordon.  (Dkt. No. 25).

04 　　　　　The "principal function of [the Federal Rules of Civil Procedure] should be to serve as

05 useful guides to help, not hinder, persons who have a legal right to bring their problems before the

06 courts." *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986) (citations omitted).  "[D]ecisions on the

07 merits are not to be avoided on the basis of mere technicalities." *Id.*  Rather, the rules are to be

08 used to ensure a "just, speedy, and inexpensive determination of every action."  Fed. R. Civ P. 1.

09 　　　　　Under Fed. R. Civ. P. 15, after a responsive pleading has been served "a party may amend

10 the party's pleading [to add a party] only by leave of court or by written consent of the adverse

11 party."  Fed. R. Civ. P. 15(a).  Additionally, the court may add parties "at any stage of the action

12 and on such terms as are just."  Fed. R. Civ. P. 21; *see, e.g. Pena v. McArthur*, 889 F. Supp. 403

13 (E.D. Cal. 1994) (indicating that the rule applies beyond the need to correct misjoinder of parties).

14 　　　　　Here, plaintiffs have shown that the interests of justice and judicial economy favor adding

15 Mr. Gordon as a defendant.  Plaintiffs' potential to recover for Mr. Gordon's alleged damage to

16 their property should not be foreclosed because of their failure to initially name him as a defendant,

17 nor for their chosen method of adding him.  Moreover, the defendant Gordon Moving Services,

18 Inc., will not be prejudiced by the addition of Mr. Randy Gordon as a party.  As a result, the Court

19 will treat the plaintiffs' motion to add a party as a motion to amend the complaint, and the

20 plaintiffs are directed to file an amended complaint, naming Mr. Gordon as a party, and  to

21 properly serve him.

22 　　　　　(2)　　　　Defendant's motion to dismiss (Dkt. No. 18) is DENIED.  Defendant argues in its

23 motion to dismiss that plaintiffs' suit cannot succeed as a matter of law because it was not in

24 existence (e.g., had not been incorporated) at the time the alleged harms occurred.  (Dkt. No. 18).

25 Further, defendant argues that it is entitled to summary judgment because plaintiffs have failed to

26

ORDER GRANTING PLAINTIFFS' MOTION TO ADD
DEFENDANT, DENYING DEFENDANT'S MOTION
TO DISMISS, AND DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT.
PAGE -2

01  demonstrate an essential element of their case — the defendant's legal existence.  (Dkt. No. 18).

02  Plaintiffs respond that summary judgment should not be granted because the defendant may be

03  found liable under a theory of successor liability.  (Dkt. No. 24).

04        A party may bring a motion to dismiss for "failure to state a claim upon which relief can

05  be granted."  Fed. R. Civ. P. 12(b)(6).  If, however, such a motion relies upon "matters outside

06  the pleadings . . . the motion shall be treated as one for summary judgment and disposed of as

07  provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material

08  made pertinent to such a motion by Rule 56."  *Id.*

09        The Court construes defendant's motion to dismiss as a motion for summary judgment

10  because it relies on information beyond the pleadings.  Specifically, defendant's motion relies on

11  the declaration of Randy Gordon to argue that the defendant corporation did not exist at the time

12  of the alleged harm.  (Dkt. Nos. 18, 19).

13        A party is entitled to summary judgment "if the pleadings, depositions, answers to

14  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

15  genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

16  of law."  Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the

17  Court must view all evidence in the light most favorable to the nonmoving party and draw all

18  reasonable inferences in that party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50

19  (1986).  An issue of material fact exists if the evidence is such that a reasonable jury could find for

20  the nonmoving party.  *Id.* at 248.

21        Construing all of the evidence in a light most favorable to the plaintiffs, defendant has failed

22  to demonstrate at this stage that it is entitled to a judgment as a matter of law.  Plaintiffs argue

23  that, even if defendant was not yet incorporated at the time the alleged harms occurred, defendant

24  could be held liable under a theory of successor liability.  (Dkt. No. 24).  Under Washington law

25  courts will impose successor liability when (1) a purchaser expressly or impliedly assumes a

26

ORDER GRANTING PLAINTIFFS' MOTION TO ADD
DEFENDANT, DENYING DEFENDANT'S MOTION
TO DISMISS, AND DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT.
PAGE -3

01  predecessor's liabilities; (2) a purchase constitutes a de facto merger or consolidation; (3) the

02  purchaser is a mere continuation of the seller; or (4) a transfer of assets is for the fraudulent

03  purpose of escaping liability. *Martin v. Abbot Laboratories,* 102 Wn. 2d 581, 609 (1984) (internal

04  citations omitted).  Thus, plaintiffs have articulated a legal theory by which defendant could be

05  held liable, even if it wasn't incorporated at the time of the alleged harm.

06          Finally, plaintiffs have initiated discovery in this case.  Although their response did not

07  include a Rule 56(f) declaration, plaintiffs' response to the motion indicates that summary

08  judgment at this stage is premature, particularly when an additional plaintiff will be added.  The

09  defendant's motion is DENIED without prejudice to renew the motion after discovery is

10  completed.

11          (3)     Plaintiff's motion for summary judgment (Dkt. No. 15) is DENIED.  Plaintiffs

12  argue that they are entitled to summary judgment because defendant damaged their property in

13  violation of 49 U.S.C. § 14706(a), which imposes absolute liability for an actual loss or injury to

14  property incurred in interstate commerce.  They argue that they contracted with defendant to move

15  their property from California to Washington, that defendant damaged their property during the

16  move, and that defendant is therefore liable for the damage.  Plaintiffs also argue defendant is liable

17  under a theory of negligence.

18          Defendant responds that summary judgment cannot be granted against Randy Gordon

19  because he has not yet been added as a defendant and that, if he has been properly added, the time

20  period after which a motion for summary judgment may be brought has not yet elapsed.  Defendant

21  also argues that summary judgment is not appropriate here because it had not yet been

22  incorporated at the time of the alleged harms and that the declaration of Joanne Gould and its

23  supporting exhibits A through H, (Dkt. No. 16), upon which plaintiffs' motion relies, should be

24

25

26

ORDER GRANTING PLAINTIFFS' MOTION TO ADD
DEFENDANT, DENYING DEFENDANT'S MOTION
TO DISMISS, AND DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT.
PAGE -4

01 | stricken because the declaration is based on inadmissible hearsay.  (Dkt. No. 25).[1]

02 |         Construing the evidence in a light most favorable to defendant, plaintiffs' motion for

03 | summary judgment is denied.  Plaintiffs have not demonstrated that the only current defendant to

04 | this action, Gordon Moving Services, Inc., was either incorporated at the time of the alleged harm,

05 | nor that defendant satisfies the elements necessary to establish liability under a theory of successor

06 | liability.  Genuine issues of material fact exist as to the precise nature of defendant's relationship

07 | to Gordon Moving Services.

08 |         DATED this 25th day of May, 2005.

09 |

10 |

11 |                                                     _James P. Donohue_____

12 |                                                     JAMES P. DONOHUE
                                                        United States Magistrate Judge

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 | _____

23 |         [1]In light of the Court's ruling on plaintiffs' motion for summary judgment (Dkt. No. 15),
     defendant's motion to strike (Dkt. No. 25) is denied.  Plaintiffs are reminded, however, if they file

24 | a subsequent motion for summary judgment, their obligation to support any motion for
     summary judgment by admissible evidence. Fed. R. Civ. P. 56(c).

25 |

26 |

ORDER GRANTING PLAINTIFFS' MOTION TO ADD
DEFENDANT, DENYING DEFENDANT'S MOTION
TO DISMISS, AND DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT.
PAGE -5