UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER GOULD, et al., ) | Case No. C04‑02213 JPD |
| ) | |
| Plaintiffs, ) | |
| ) | ORDER GRANTING |
| v. ) | MOTION TO COMPEL |
| ) | |
| GORDON MOVING SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court upon plaintiffs' motion to compel. Dkt. No. 33. Having carefully reviewed the pleadings, supporting materials, and balance of the record, the Court ORDERS as follows:

(1)     Plaintiffs' motion to compel, Dkt. No. 33, is GRANTED.   Under the Federal Rules of Civil Procedure, Rule 26(b)(1), [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" When parties fail to comply with proper discovery requests, Federal Rule of Civil Procedure 37 authorizes motions to compel discovery. Fed. R. Civ. P. 37. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B). The Court has wide discretion in regulating the discovery process. *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988).

01        In the instant case, plaintiffs have demonstrated defendant has failed to adequately
02 respond to their good faith efforts to obtain discovery.  According to the Joint Status Report
03 and Discovery Plan ("JSR"), plaintiff served defendants with their first set of requests for
04 admissions, interrogatories, and request for production of documents on March 2, 2005.  Dkt.
05 Nos. 23, 33.  Although defense counsel indicated there would be a timely response to these
06 requests, none was provided.  Dkt. Nos. 23, 33.  To the contrary, defendant has apparently
07 failed both to respond to the requests, as well as to telephonic and electronic attempts to
08 resolve this matter.  Dkt. Nos. 23, 33.

09        Although defendant has submitted no response to plaintiffs' motion to compel, he
10 indicated in the JSR that plaintiffs' requests are unduly burdensome and duplicative.  Dkt. No
11 23.  He argued that defendant corporation was not in existence during the time of the alleged
12 injury and that plaintiffs must already have had sufficient evidence, since they moved for
13 summary judgment.  *Id.*  These statements, however, do not justify defendant's failure to
14 comply with plaintiffs' legitimate discovery requests.  Since the filing of the JSR, plaintiffs'
15 motion for summary judgment has been denied and the Court authorized defendant
16 corporation to be added as a defendant.  Dkt. No. 29.  Defendant has therefore provided no
17 reason for why he has not responded to plaintiffs' requests.

18        (2)     Defendant is ordered to respond to plaintiffs' interrogatories and requests for
19 production.  Defendant shall have seven (7) days to comply with this Order.

20        (3)     The Clerk is directed to send a copy of this Order to counsel of record.
21 DATED 11th day of July, 2005.

22

23

24                                        /s/ James P. Donohue
                                          JAMES P. DONOHUE
25                                        United States Magistrate Judge

26

ORDER GRANTING
MOTION TO COMPEL
PAGE -2